```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA         :    CIVIL ACTION
EX REL. ROBERT WARNER            :
                                 :
        v.                       :
                                 :
THE FOOD TRUST, INCORPORATED,    :
R. DUANE PERRY, SANDRA SHERMAN,  :
THE BOARD OF DIRECTORS OF THE    :
FOOD TRUST, CAROLYN LATIMORE,    :
JILL HORN, PETER CARACCI and     :
MICHAEL CINQUE                   :    No. 06-cv-00311-JF
```

<u>MEMORANDUM AND ORDER</u>

Fullam, Sr. J.                                    February 17, 2009

        Plaintiff's First Amended Complaint contains 182 paragraphs, principally devoted to asserting that the defendants violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*, in the course of their involvement with certain nutritional and poverty programs funded by the U.S. Department of Agriculture.

        The defendants filed a very comprehensive motion to dismiss, which asserted, among other things: (1) that subject-matter jurisdiction was lacking because the plaintiff was not the original source of the information about the alleged false claim, and (2) that none of the defendants had made or presented any claim or claims to the federal government, but rather had dealt with state authorities.  Shortly after the defense motion was filed, the United States Supreme Court decided an important False Claims Act case, and resolved a circuit split concerning the extent to which a defendant's liability depended upon whether the

defendant had actually presented a claim to the federal government.  <u>Allison Engine Co. v. United States ex rel. Sanders</u>, 2008 U.S. LEXIS 4704 (June 9, 2008).

After reviewing the motion to dismiss and plaintiff's response, I entered an Order on December 3, 2008, which, after noting my difficulty in understanding the precise positions of either side on various issues, I ordered:  "Since both sides have submitted materials in addition to the pleadings, defendants' motion will be treated as a motion for summary judgment."  I thereupon further ordered that, within 20 days, counsel for plaintiff:

> "shall file with this Court a brief statement ... specifying:
>
> 1.   What false claim or claims have been submitted by any of the defendants;
>
> 2.   To whom were such claims submitted;
>
> 3.   Have any such false claims been paid, and, if so, in what amount;
>
> 4.   When, and to whom, did plaintiff report the alleged wrongdoing; and
>
> 5.   As to each of the foregoing categories, which exhibit or exhibits in the record tend to prove plaintiff's assertions."

Plaintiff's response to this Order has been inadequate, to say the least.  Although the pending Motion to Dismiss was to be considered as a motion for summary judgment, plaintiff's response relies largely upon allegations in the complaint.  There

is, however, no dispute about the fact that plaintiff's complaint adequately alleges claims under the False Claims Act; the issue is whether there is any basis for such claim.  To this date, the Court has not been directed to any evidence that any claim was submitted to the federal government by any of the defendants, or that plaintiff's claims satisfy the requirements of the recent Allison Engine Co., Inc. decision.  Allison Engine Co. v. United States ex rel. Sanders, 2008 U.S. LEXIS 4704 (June 9, 2008).

      In addition to the problem about whether any claim was actually presented to the federal authorities, and, more importantly, whether any amount of federal funds was actually paid to any of the defendants, the record is unfortunately vague and indefinite as to the issue of whether plaintiff qualifies as an original source of the charged violations.

      For all of these reasons, plaintiff will be afforded a further opportunity to respond to the motion for summary judgment, by providing evidence in support of his claims sufficient to establish a genuine issue of material fact.  To the extent that the complaint charges that plaintiff was discharged in retaliation for his protected activities, the motion to dismiss will, of course, be denied at the present stage.

      An Order follows.

```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA       :    CIVIL ACTION
EX REL. ROBERT WARNER          :
                               :
          v.                   :
                               :
THE FOOD TRUST, INCORPORATED,  :
R. DUANE PERRY, SANDRA SHERMAN,:
THE BOARD OF DIRECTORS OF THE  :
FOOD TRUST, CAROLYN LATIMORE,  :
JILL HORN, PETER CARACCI and   :
MICHAEL CINQUE                 :    No. 06-cv-00311-JF
```

ORDER

AND NOW, this 17th day of February, 2009, IT IS ORDERED:

1. To the extent that plaintiff alleges that he was retaliated against for protected activities, the motion to dismiss is DENIED.

2. With respect to all other claims asserted in the Amended Complaint, plaintiff is afforded a further opportunity to respond to the pending motion for summary judgment. Any such response must be filed within 90 days of the date of this Order. Both parties are invited to address the impact of the Supreme Court's recent decision in Allison Engine Company, Inc.

                              BY THE COURT:


                              /s/ John P. Fullam
                              John P. Fullam, Sr. J.